Filed 6/14/23  P. v. Miranda CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA MIRANDA,<br><br>    Defendant and Appellant. | B321437<br><br>(Los Angeles County<br>Super. Ct. No. TA121782) |

    APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed.

    Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

    Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Joshua Miranda appeals from the superior court's order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1] He argues the court erred in ruling he did not make a prima facie showing he was entitled to relief under the statute. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, in connection with the shooting death of Daniel Harrison, the People charged Miranda with one count of murder (§ 187, subd. (a)) and one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)). On both counts the People alleged that Miranda committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)) and that he had a prior conviction for a felony that was a serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and a serious felony within the meaning of section 667, subdivision (a)(1). On the murder count the People alleged Miranda personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).

Pursuant to a negotiated disposition, the trial court granted the People's motion to add a count of voluntary

---

[1] Statutory references are to the Penal Code.

2

manslaughter (§ 192, subd. (a)) and an allegation Miranda personally used a firearm, within the meaning of section 12022.5, subdivision (a). Miranda pleaded no contest to the voluntary manslaughter count, admitted the new firearm-use allegation, and admitted he had a prior conviction for a serious or violent felony within the meaning of the three strikes law. The trial court sentenced Miranda to a prison term of 26 years, consisting of the upper term of 11 years, doubled under the three strikes law, plus the middle term of four years for the firearm enhancement. The court granted the People's motion to dismiss the remaining counts and allegations.

In February 2022 Miranda filed a petition for resentencing under section 1172.6, checking boxes on a form petition stating he was eligible for relief and asking the court to appoint counsel to represent him. The superior court appointed counsel, and the People filed a written response to the petition. The People argued Miranda failed to make a prima facie showing he was entitled to relief under section 1172.6 because, on the voluntary manslaughter count to which he pleaded no contest, he "was being prosecuted as the actual killer," not on "a felony murder or a natural and probable consequences theory." To support this assertion, the People cited and attached a copy of the transcript of the preliminary hearing, where they had presented evidence Miranda shot Harrison during a fight between the two men at a party. The People also submitted a copy of the transcript of the plea hearing, where counsel for Miranda stipulated the preliminary hearing transcript (and police reports) constituted a factual basis for Miranda's plea. Miranda did not file a written reply to the People's response.

3

The superior court held a hearing to determine whether Miranda had made a prima facie showing he was entitled to relief under section 1172.6. Miranda, though not present, was represented by counsel, the same attorney who represented him at the preliminary hearing, the plea hearing, and at sentencing. Counsel for Miranda stated he did "not dispute . . . that the People's theory of the case against Mr. Miranda was always that he was the actual shooter and that they were not proceeding on a theory of felony murder or natural and probable consequences." Nevertheless, counsel argued, Miranda had "check[ed] all the correct boxes and made the allegations necessary for the court to issue an [order to show cause] and have [an evidentiary] hearing" on the petition.

Ruling Miranda had not made a prima facie showing, the superior court denied the petition. The court stated that "there's no dispute about the theory on which the People proceeded or could have proceeded in this case," namely, Miranda was the actual shooter and killer of Harrison; that "this was not a felony murder or natural and probable consequence situation"; and that there was therefore "no legal basis" for Miranda's petition. Miranda timely appealed.

## DISCUSSION

A. *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-

murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)).  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  The latter provision requires the People to prove specific facts relating to the defendant's culpability:  The defendant was the actual killer (§ 189, subd. (e)(1)); the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision. (§ 189, subd. (e)(3); see *Strong*, at p. 708; *Gentile*, at p. 842.)

Section 1172.6 provides a procedure for vacating "a final murder, attempted murder, or manslaughter conviction that does not comply with" these changes in the law.  (*People v. Duran* (2022) 84 Cal.App.5th 920, 927; see *Strong*, *supra*, 13 Cal.5th at p. 708; *Lewis*, *supra*, 11 Cal.5th at p. 957; *Gentile*, *supra*, 10 Cal.5th at p. 843.)  It authorizes a person convicted of one of these crimes to petition the superior court to vacate the conviction and be resentenced on any remaining counts if all the following conditions apply: "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on

5

that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; "(2) [t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and "(3) [t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (*Lewis*, *supra*, 11 Cal.5th at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (3).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c).) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.) If the petitioner makes the requisite prima facie showing he or she is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder,

6

attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1); see *Strong*, at p. 708.)

On appeal from an order denying a petition under section 1172.6 on the ground the petitioner failed to make a prima facie showing he or she was entitled to relief, we review de novo whether the petitioner is ineligible for relief as a matter of law. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14; *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) "A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*Lopez*, at p. 14; see §§ 188, subd. (a)(3), 189, subd. (e).)

B.     *The Superior Court Did Not Err in Denying Miranda's Petition*

Miranda argues the superior court erred in ruling he failed to make a prima facie showing under section 1172.6 because nothing in the record of conviction established he is ineligible for relief as a matter of law. He argues the court impermissibly "relied on the preliminary hearing transcript to reach a

conclusion that [Miranda] was the actual killer."[2]  He also suggests that, in determining he was the actual killer, the court incorrectly relied on his admission (in his plea) that he personally used a firearm within the meaning of section 12022.5, subdivision (a).[3]

The superior court, however, did not rely on these things. Rather, the court relied on the concession by counsel for Miranda that the People's case against Miranda rested always and only on the theory he was Harrison's actual killer.  On appeal Miranda does not disavow or even comment on this concession, even though the People emphasized it in their brief.  Because there is no dispute Miranda was convicted on the theory he was the actual killer, not on any prohibited, no-longer-valid theory of murder liability, he is ineligible for relief under section 1172.6 as a matter of law.  (See *People v. Garcia* (2022) 82 Cal.App.5th 956,

---

[2]     Miranda argues "a preliminary hearing transcript cannot be relied on to deny resentencing relief at the prima facie stage," a position the People dispute.  In fact, "Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 1170.95." (*People v. Flores* (2022) 76 Cal.App.5th 974, 989.)  Here, however, we do not need to reach this issue.

[3]     It is true that, "in theory, a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer." (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743; see *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun . . . , even though only one is the actual killer."].) Again, however, we do not need to reach this issue.

8

973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'"]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 744 [a defendant who was the actual killer is ineligible for resentencing under section 1172.6]; see also *Gentile*, *supra*, 10 Cal.5th at p. 842 [the Legislature "'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer'"]; *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [in "the plea context," even where the charging document allowed the prosecution "to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice," a petitioner is ineligible for relief under section 1172.6 as a matter of law if "the petitioner was not convicted under such a theory"].) Therefore the superior court did not err in concluding Miranda failed to make the requisite prima facie showing and denying his petition.

## DISPOSITION

The order denying Miranda's petition under section 1172.6 is affirmed.

SEGAL, Acting P. J.

We concur:


FEUER, J.



ESCALANTE, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.